# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **WILMA M. BROADWATER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08CV00057 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | Chief United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*H. Ronnie Montgomery, Montgomery Kinser Law Offices, Jonesville, Virginia, for Plaintiff; Andrew C. Lynch, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff Wilma M. Broadwater filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits pursuant to the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A.§ 405(g).

Broadwater filed for benefits in August 2004, alleging disability beginning October 4, 2002. Broadwater claimed disability due to degenerative disc disease, a bulging disc, degenerative joint disease, and diabetes. Her claim was denied initially and upon reconsideration. At her request, Broadwater received a hearing before an administrative law judge ("ALJ"), during which Broadwater, represented by counsel, testified. The ALJ denied Broadwater's claim and the Social Security Administration Appeals Council ("Appeals Council") denied Broadwater's Request for Reconsideration. Broadwater appealed the ALJ's decision, and both Broadwater and the Commissioner moved for summary judgment. This court denied both parties' motions for summary judgment and remanded the case to the Commissioner for further consideration.

Upon remand, the ALJ concluded that Broadwater was not disabled. Broadwater challenged the ALJ's decision with the Appeals Council, which did not find a reason to assume jurisdiction. Broadwater re-filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Broadwater was fifty-seven years old when she filed her disability application, a person of advanced age under the regulations. *See* 20 C.F.R. § 404.1563(e) (2009). She completed two years of community college and her most recent employment was as a medical records clerk. She claims disability based on back problems, pain, and diabetes.

The record indicates that Broadwater began complaining to physicians about lower back and leg pain in 2002. At that time, examinations did not reveal evidence of decreased motor, sensory, and reflex functions. Broadwater did not suffer from nerve root compression nor nerve disease.

As the years passed, Broadwater continued to see physicians about her back pain. A June 2006 MRI indicated that Broadwater had a small disc protrusion at the left L4-L5 level, which resulted in impingement of the left L5 traversing nerve root. The MRI also demonstrated that Broadwater had stable moderate L5-S1 degenerative annular disc bulge without nerve root compression and mild bilateral L5-S1 foraminal stenoses without nerve root compression. A July 2006 lumbar myelogram revealed that Broadwater had severe disc degeneration at L5-S1 with mild central stenosis at L5-S1 with compression of the S1 nerve root sleeves. A July 2006 CT scan showed a left-sided protrusion at the L4-L5 level with left L5 nerve root compression and

severe disc degeneration with a disc bulge at the L5-S1 level. Minimal S1 nerve root compression was also noted.

After these tests, Broadwater's physician wrote a letter to her counsel stating that since 2005, her condition had gotten progressively worse. Broadwater's physician opined that he believed Broadwater was permanently and totally disabled.

The ALJ concluded that Broadwater was not disabled as defined in the Act and that Broadwater could return to her job as a medical records clerk. Broadwater filed a complaint with this court. I adopted the magistrate judge's Report and Recommendation in which it was concluded that the ALJ did not properly consider the evidence when evaluating whether Broadwater's spinal conditions met the requirements of § 1.04(A). 20 C.F.R., pt. 404, subpt. P, app. 1, § 1.04(A) (2009).

Upon remand, the ALJ invited Broadwater's counsel to submit additional arguments and evidence to support the assertion that Broadwater met the requirements of § 1.04(A). Broadwater's counsel did not submit additional evidence. Instead, counsel wrote to the ALJ and discussed the July 2006 letter of Broadwater's physician, which was previously reviewed by the Appeals Council and this court.

The ALJ denied Broadwater's request for benefits, finding that Broadwater did not meet the requirements of listed impairment 1.04(A), her claims of disabling pain were not credible, and Broadwater's impairments did not prevent her from performing

her past job. The ALJ concluded that Broadwater was not disabled as defined by the Act.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir.

1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *McLain*, 715 F.2d at 869.

My review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard was applied. 42 U.S.C.A. § 405(g); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Broadwater asserts that the ALJ's decision contains five significant errors that warrant reversal. I disagree.

Under the Act, to qualify as having a spinal disorder, a claimant must have "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive straight-leg raising test." 20 C.F.R., pt. 404, subpt. P, app. 1, § 1.04(A).

Broadwater contends that she meets the requirements of § 1.04(A). The evidence demonstrates that Broadwater suffers from an impinged nerve root, pain, and limited spinal motion. And, records show that Broadwater did have a positive straight-leg raising test. But the evidence does not show that Broadwater suffers from atrophy with associated muscle weakness or muscle weakness. While the ALJ's decision included contradictory statements about medical evidence in the record, these mistakes did not prejudice Broadwater because the ALJ, ultimately, reached the correct conclusion. Broadwater has presented no evidence to support the assertion that she suffers from muscle weakness. Without proof of motor loss, Broadwater's claim of a spinal disorder fails under § 1.04(A).

When a claimant alleges disability due to pain, the ALJ must consider whether objective medical evidence demonstrates a medical impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594. If medical evidence meets the first requirement, the ALJ must look at the entire record and evaluate the intensity and persistence of the pain, as well as the extent to which it affects a claimant's ability to work. *Id.* at 595.

Broadwater puts forth two arguments related to her claim of disabling pain. First, Broadwater alleges that the ALJ erred by not following Social Security Ruling 96-7p and the test for evaluating disabling pain outlined in *Craig*. *Id.* at 594-95. Specifically, Broadwater argues the ALJ failed to properly evaluate the intensity and persistence of Broadwater's pain. Broadwater is correct, the ALJ did not properly adhere to *Craig's* two-prong test. But this error is harmless because substantial evidence exists to support the ALJ's ultimate conclusion that Broadwater's pain was not as severe as she claimed. Broadwater declined various medications that could alleviate her pain because they made her "groggy" or she had concerns about the drug's effect on her diabetes and kidneys. (R. at 29, 36.) Although her physician prescribed a course of physical therapy to help alleviate pain, less than a month into the therapy, Broadwater stopped showing up for appointments. After quitting physical therapy and declining medication, Broadwater did not seek other remedies

to alleviate the pain. Thus, substantial evidence supports the ALJ's conclusion that Broadwater's claims were not credible because her failure to pursue treatment was inconsistent with her allegations of disabling pain.

Broadwater's second argument relating to disabling pain is that the ALJ failed to follow SSR 96-7p because his decision did not contain specific reasons for the credibility finding. I disagree. In his decision, the ALJ considered that Broadwater's back problems had not warranted surgery or aggressive treatment. Further, the ALJ noted that Broadwater failed to pursue ongoing treatment to help ease her pain. The record as a whole supports the ALJ's conclusions.

Broadwater also asserts that under Social Security Ruling 96-2p, the ALJ erroneously rejected the opinion of Dr. DeMotts, Broadwater's primary physician. The ruling, however, does not mandate an ALJ's acceptance of a physician's opinion. Rather, under SSR 96-2p, an ALJ may give controlling weight to a treating physician's medical opinion if it is supported by clinical and laboratory diagnostic techniques and is consistent with other substantial evidence. The record is replete with evidence that shows how examinations and laboratory tests did not support Dr. DeMotts' opinion.

Broadwater's final argument is that she qualifies as disabled under the Medical Vocational Guidelines, 20 C.F.R. pt. 404, subpt P, app. 2, tbls. 1 & 2 (2009). The

guidelines, also called "the grids," reflect various combinations of exertional capabilities, age, education and work experience. Depending on the combination of factors in each case, these grids direct a finding of "disabled" or "not disabled." 20 C.F.R., pt. 404, subpt. P, app. 2. The grids are used when a claimant is not "doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work." 20 C.F.R. § 404.1569 (2009).

Here, the ALJ concluded that Broadwater was not engaged in substantial gainful activity and that she had a severe impairment. The ALJ also found that Broadwater could return to her past job. Thus, under § 404.1569, the ALJ was correct by not relying upon the grids to determine whether Broadwater was disabled.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's Motion for Summary Judgment will be granted. An appropriate judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: January 11, 2010

/S/ JAMES P. JONES
Chief United States District Judge